IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Nowlin, | ) | Civil Action No. 4:10-01857-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Lake City, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Christopher Nowlin ("Plaintiff") filed this action against his former employer, Lake City ("Defendant"), alleging that he was discriminated against and subjected to a hostile work environment because of his race, and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  (ECF No. 1.)  Plaintiff also alleged in his complaint violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219.  (Id.)  This matter is before the court on Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which motion was filed on July 6, 2011.  (ECF No. 35.)  Plaintiff opposes the motion for summary judgment asserting that Defendant has failed to show that it is entitled to judgment as a matter of law on his claims.  (ECF No. 41.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.  On January 25, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendant's motion for summary judgment be granted.  (ECF No. 49.)  Plaintiff filed objections to the Report and Recommendation asking the court to reject the Magistrate Judge's

1

recommendation. (ECF No. 50.) For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendant's motion for summary judgment.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to this analysis of Plaintiff's claims.

On September 12, 2006, Defendant's City Council appointed Plaintiff to a two-year term as a municipal court judge.[1] (ECF No. 35-4, p. 6.) Plaintiff began serving his term on November 1, 2006. (ECF No. 35-4, p. 11.) Plaintiff is not an attorney and he did not have any experience as a judge prior to his appointment to Defendant's municipal court. (ECF No. 35-3, pp. 13, 21.) As a municipal court judge, Plaintiff's duties included, but were not limited to, issuing search warrants and arrest warrants; setting bonds; hearing criminal cases involving petty larceny, larceny, criminal domestic violence, and driving under the influence; sentencing defendants for criminal law violations and suspending sentences; and applying South Carolina statutory and common law. (ECF No. 35-3, pp. 47, 49-51.) Plaintiff's starting annual salary was $33,009.60. (ECF No. 35-4, pp. 11, 22.)

On January 13, 2009, Defendant's City Council appointed Plaintiff to a second two-year

---

[1] Defendant's City Council has the authority to appoint one or more municipal court judges. S.C. Code Ann. § 5-7-230. Although municipal court judges are appointed by municipalities, the municipal court is part of South Carolina's unified court system and answerable to the South Carolina Supreme Court. S.C. Code Ann. § 14-25-5. Defendant's municipal court has jurisdiction over cases arising under ordinances of the municipality and over all offenses that are subject to a fine not exceeding $500 or imprisonment not exceeding 30 days, or both. S.C. Code Ann. § 14-25-65. A municipal court judge serves a term of not less than two years but not more than four years, and is subject to removal by the South Carolina Supreme Court. S.C. Code Ann. § 14-25-15; S.C. Const. Art. V, § 17.

term as a municipal court judge.  (ECF No. 35-4, p. 13.)  However, two years later, on January 18, 2011, Defendant's City Council voted not to reappoint Plaintiff to a third term.  (ECF No. 35-4, p. 68.)

After the denial of his reappointment, Plaintiff filed a charge of race discrimination under Title VII with the United States Equal Employment Opportunity Commission (EEOC) on June 23, 2009.  (ECF No. 35-4, p. 14.)  On October 22, 2009, Plaintiff filed a second charge with the EEOC alleging retaliation in violation of Title VII.  (ECF No. 35-4, p. 16.)  On April 19, 2010, the EEOC issued Plaintiff a "Notice of Right to Suit" letter in regards to the June 23, 2009 charge of discrimination.  (ECF No. 41-6, p. 6. )  Thereafter, on July 16, 2010, Plaintiff initiated this lawsuit alleging claims of  race discrimination, in the form of disparate pay and hostile work environment, and retaliation in violation of Title VII, in addition to overtime claims under the FLSA.  (See ECF No. 1.)  On September 9, 2010, Defendant answered the complaint denying Plaintiff's allegations.  (ECF No. 9.)  On September 27, 2010, the EEOC issued Plaintiff a right to sue letter in regards to the charge of discrimination he filed on October 22, 2009.  (ECF No. 35-4, p. 17. )

On October 19, 2010, Plaintiff moved to amend the complaint to add additional claims regarding a hostile work environment pursuant to the right to sue letter he received from the EEOC on September 27, 2010.  (ECF No. 18.)  On December 1, 2010, the Magistrate Judge granted Plaintiff's motion to amend.  (ECF No. 20.)   Plaintiff amended his complaint on December 1, 2010.  (ECF No. 21.)  On December 14, 2010, Defendant filed an answer to the amended complaint denying Plaintiff's allegations.  (ECF No. 22.)  On February 7, 2010,

Plaintiff filed two more charges of discrimination with the EEOC alleging further instances of retaliation.[2]  (ECF No. 35-4, pp. 18-19. )

After the completion of discovery on July 6, 2011, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 35.)  Plaintiff filed opposition to Defendant's motion for summary judgment on August 8, 2011, to which Defendant filed a reply in support of summary judgment on August 18, 2011.  (ECF Nos. 41 & 44.)

## II.   LEGAL STANDARD AND ANALYSIS

### A.   Standard

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[2] Plaintiff wants to include these claims in this litigation, but he has not received a right to sue letter from the EEOC regarding them.  (ECF No. 35-4, p. 17.)

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

Title VII makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 20000e–2(a)(1).

Title VII further prevents an employer from retaliating against an employee, or a former employee, because the employee has either "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000-e-3(a). To qualify for Title VII's protections, an individual must be an "employee" as defined by Title VII. An "employee" under Title VII is "an individual employed by an employer, except that the term 'employee' <u>shall not include</u> any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or <u>an appointee on the policy making level</u> or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e(f).

The FLSA contains an identical policy-maker exclusion to the definition of an "employee." <u>See</u> 29 U.S.C. § 630(f) ("The term 'employee' means an individual employed by any employer except that the term 'employee' shall not include . . . an appointee on the policymaking level.").

**B.     <u>Plaintiff's Status as an Employee under Title VII</u>**

Upon his review, the Magistrate Judge found that Plaintiff was exempt from coverage under Title VII because he falls under the policy-maker exclusion to the definition of employee in Title VII. (ECF No. 49, p. 15.) In reaching this determination, the Magistrate Judge relied on opinions by the United States Supreme Court in <u>Gregory v. Ashcroft</u>, 501 U.S. 452 (1991), and by the Chief Judge of this court, the Honorable Margaret B. Seymour, in <u>Spann-Wilder v. City of North Charleston</u>, C/A No. 2:08-00156-MBS, 2010 WL 3222235 (D.S.C. Aug. 13, 2010).

(ECF No. 49, p. 11.)

In <u>Gregory</u>, the Supreme Court found that Missouri state court judges were on the "policy-making level" and, thus, were exempted from protection under the ADEA.[3]  <u>Gregory</u>, 501 U.S. at 467.  In <u>Spann-Wilder</u>, Judge Seymour applied <u>Gregory</u> and found that a former municipal judge was exempted under Title VII:

> In presiding over criminal domestic violence cases, Plaintiff necessarily exercised discretion in making her rulings.  In addition, because much of the criminal law in South Carolina is common law and not codified in statutes, Plaintiff likely would apply the common law in her position.  Based upon the foregoing, the court concludes that Plaintiff is an appointee on a policy-making level and is exempt from the protections of Title VII and the EPA.  As a result, Plaintiff's Title VII and EPA claims are dismissed with prejudice.

<u>Spann-Wilder</u>, 2010 WL 3222235, at *7.  Upon analyzing Plaintiff's claims in the context of <u>Gregory</u> and <u>Spann-Wilder</u>, the Magistrate Judge concluded that Plaintiff held the same position as the plaintiff in <u>Spann-Wilder</u> in terms of their exercise of discretion and performance of duties.  (ECF No. 49, p. 14.)  As a result, the Magistrate Judge recommended granting Defendant's motion for summary judgment.  (<u>Id.</u>)

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that the Magistrate Judge erred in finding that he was a policy-maker.  (ECF No. 50, p. 3.) Plaintiff contends that the court should follow the determination of the Court of Appeals for the Second Circuit, which court found that "state judges do not fall within the policy-making exception to the definition of employee."  (ECF No. 50, p. 4 (citing <u>E.E.O.C. v. Vermont</u>, 904 F.2d 794, 800 (2d Cir. 1990)).)  Plaintiff further contends that he did not occupy the same

---

[3] Although the claims in <u>Gregory</u> were based on the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the decision is relevant to Plaintiff's claims in this case because the ADEA has similarities to both Title VII and the FLSA.  The ADEA contains substantive, anti-discrimination provisions founded upon Title VII and procedural and remedial provisions modeled after the FLSA.  See <u>McKennon v Nashville Banner Publ'g Co.</u>, 513 U.S. 352, 357 (1995).

7

position as the plaintiff in Spann-Wilder because he was a general municipal judge and the Spann-Wilder plaintiff was a judge in the Court of Criminal Domestic Violence. (ECF No. 50, p. 4.) Therefore, Plaintiff argues that he does not fall within the Title VII exclusion, the exclusion should be narrowly construed as found by the Second Circuit, and Defendant's motion for summary judgment should be denied. (Id.)

After careful review of the record, the court concurs in the Magistrate Judge's conclusion that Plaintiff exercised discretion in the performance of his duties as a municipal judge to fall within the policy-maker exclusion and he is, therefore, exempted from coverage under Title VII. (See ECF No. 35-3, pp. 47, 49-51.) Based upon the foregoing, the court finds that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit. Accordingly, Plaintiff is not an employee under Title VII and his claims for discrimination and retaliation in violation of that statute fail as a matter of law.[4]

## C.  Plaintiff's Claims under the FLSA

In his response to summary judgment, Plaintiff acknowledged that he did not have a valid claim under the FLSA. (ECF No. 41, pp. 25-26.) In reliance on Plaintiff's statement, the Magistrate Judge concluded in the Report and Recommendation that Plaintiff had abandoned his claim for violation of the FLSA. (ECF No. 49, p. 1 n. 2.) Plaintiff failed to state any objection to the Magistrate Judge's finding. Therefore, the court finds that Plaintiff's claim for violation

---

[4] The Magistrate Judge also found that Plaintiff could not (1) establish a prima facie case of disparate treatment; (2) show that Defendant's reasons for its actions were pretextual for discrimination or retaliation; (3) present evidence allowing a reasonable juror to conclude that the actions complained of by Plaintiff were based upon race; or (4) establish a causal link between Plaintiff's alleged protected activity and an adverse employment action. (ECF No. 49, pp. 17-25.) The court declines to address the Magistrate Judge's findings in this order because the determination has been made that Plaintiff is excluded from coverage under Title VII.

of the FLSA fails as a matter of law.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** the motion for summary judgment of Defendant Lake City.  (ECF No. 35.)  The court accepts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

*J. Michelle Childs*

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

March 12, 2012
Greenville, South Carolina